# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ESTATE OF DUSTYN HENRY, through Administrator Laura Barrett, BRENDA HENRY, RANDY HENRY, and B.H., through Next Friend Laura Barrett,<br><br>Plaintiffs,<br><br>vs.<br><br>MIKE SCHWAB, individually and in his official capacity, and STATE OF IOWA,<br><br>Defendants. | No. 6:18-CV-2090-CJW-KEM<br><br>**ORDER** |

_____

This matter is before the Court on Defendants' Partial Motion to Dismiss. (Doc. 31). The time for filing a resistance has not elapsed, but the Court finds that circumstances warrant ruling on defendants' motion without waiting for a resistance. LR 7(e).

## *I.  PROCEDURAL HISTORY*

In the original complaint in this case, plaintiff the Estate of Dustyn Henry, through administrator Laura Barrett ("Estate"), brought a single claim against defendant Mike Schwab both individually and in his official capacity as an employee of the First Judicial District Department of Correctional Services. (Doc. 1). The Estate alleged, under Title 42, United States Code, Section 1983, that Mr. Schwab violated Mr. Henry's constitutional rights by being deliberately indifferent to, or recklessly disregarding, Mr. Henry's serious medical needs. (*Id.*, at 8-9). Mr. Schwab moved to dismiss the Estate's Section 1983 claim as asserted against him in his official capacity. (Doc. 11). Mr. Schwab argued that the Estate's claim against Mr. Schwab in his official capacity was,

as a matter of law, a claim against the State of Iowa ("State"). (Doc. 11-1, at 2-3). Mr. Schwab in turn argued that the State was entitled to Eleventh Amendment immunity against the Estate's claim in this Court, and that the State was not a "person" subject to liability for money damages under Section 1983. (*Id.*, at 3-5).

In response, the Estate moved to amend the complaint to remove the claim against Mr. Schwab in his official capacity. (Doc. 13). The Court granted the Estate's motion to amend. (Doc. 14). The Clerk of Court docketed the Estate's first amended complaint, which named only Mr. Schwab, in his individual capacity, as the defendant. (Doc. 15).

The Estate later moved for leave to file a second amended complaint. (Doc. 23). The Court granted the motion. (Doc. 24). The second amended complaint added Mr. Henry's parents, Brenda Henry and Randy Henry, and minor child, B.H., as plaintiffs. (Doc. 25). The second amended complaint also added the State as a defendant, and re-added Mr. Schwab in his official capacity as a defendant. (*Id.*). In Count I, the Estate reasserted its Section 1983 claim against Mr. Schwab in his individual capacity. (*Id.*, at 9). The second amended complaint also added three additional counts. In Count II the Estate asserted a negligence claim against the State and Mr. Schwab individually and in his official capacity. (*Id.*, at 12). In Count III, Brenda Henry and Randy Henry asserted a claim for loss of child consortium against the State and Mr. Schwab in both capacities. (*Id.*, at 14). In Count IV, B.H. asserted a claim for loss of parental consortium. (*Id.*).[1]

Mr. Schwab and the State ("defendants") moved to dismiss Counts II-IV on grounds that the State's sovereign immunity deprived the Court of subject-matter jurisdiction over Counts II-IV. (Doc. 27). Defendants argued in the alternative that Counts II-IV failed to state claims upon which the Court could grant relief. (*Id.*). The

---

[1] The second amended complaint mistakenly labeled both loss of consortium claims as Count III. (Doc. 25, at 14). For purposes of clarity, the Court will refer to the loss of parental consortium claim as Count IV.

Court found that the State's sovereign immunity prevented the Court from exercising subject-matter jurisdiction over Counts II-IV. (Doc. 30). The Court dismissed Counts II-IV without prejudice. (*Id.*, at 13). Thus, the only remaining claim in this case is Count I, asserted by the Estate against defendant Mike Schwab, individually. Following the Court's order on defendants' motion to dismiss, Mr. Schwab, individually, filed an answer to Count I of the second amended complaint. (Doc. 32). Defendants also moved to dismiss claims against the State and Mr. Schwab in his official capacity. (Doc. 31).

## II.     ANALYSIS

Defendants' current motion seeks the dismissal of all claims against the State and Mr. Schwab in his official capacity. (Doc. 31, at 1). An issue is moot when "changed circumstances already provide the requested relief and eliminate the need for court action." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004). "A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it." *St. Pierre v. United States*, 319 U.S. 41, 42 (1943). At the time of defendants' motion the only remaining claim in this case is the Estate's claim against Mr. Schwab in his individual capacity. (*See* Docs. 25, 30). Defendants' motion is moot because the Court previously dismissed all claims in this case against the State or Mr. Schwab in his official capacity, and thus any ruling on defendants' motion would not affect the rights of the parties. (Doc. 30). Defendants' Partial Motion to Dismiss (Doc. 31) is **denied as moot**.

The Clerk of Court is **directed to terminate Brenda Henry, Randy Henry, B.H., the State of Iowa, and Mike Schwab in his official capacity, as parties to this case**. The only remaining parties to this case are the Estate of Dustyn Henry, though administrator Laura Barrett, and Mike Schwab, individually. The parties are ordered to caption all future filings in this case as follows: the Estate of Dustyn Henry, through administrator Laura Barrett, Plaintiff, vs. Mike Schwab, individually, Defendant.

### *III.* *CONCLUSION*

For the reasons set forth above, Defendants' Partial Motion to Dismiss (Doc. 31) is **denied as moot**. The Clerk of Court is **directed to terminate Brenda Henry, Randy Henry, B.H., the State of Iowa, and Mike Schwab in his official capacity, as parties to this case**. The parties shall caption all future filings this case as: the Estate of Dustyn Henry, through administrator Laura Barrett, Plaintiff, vs. Mike Schwab, individually, Defendant.

**IT IS SO ORDERED** this 16th day of October, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa